**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

R. JEFFREY EVANS,

        Plaintiff - Appellee,

    v.

SUN LIFE & HEALTH INSURANCE
COMPANY, a Connecticut corporation,

        Defendant - Appellant.

No. 13-55601

D.C. No. 8:11-cv-01516-CJC-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Argued and Submitted April 10, 2015
Pasadena, California

Before: KLEINFELD, BENAVIDES[**], and CLIFTON, Circuit Judges.

Sun Life & Health Insurance Co. appeals from the district court's judgment

awarding R. Jeffrey Evans past due benefits under his ERISA plan, attorneys' fees,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Fortunato P. Benavides, Senior Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

costs, and interest. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases. Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 962 (9th Cir. 2006) (en banc). We affirm.

Both parties agree that the plan gives Sun Life discretion to determine eligibility for benefits. Thus, the district court correctly reviewed Sun Life's decision for abuse of discretion. Id. at 963. The review is generally limited to the administrative record. Kearney v. Standard Ins. Co., 175 F.3d 1084, 1090–91 (9th Cir. 1999) (en banc). The district court did not abuse its discretion by not expanding the record. Sun Life's conflict of interest required more skeptical judicial review. Montour v. Hartford Life & Accident Ins. Co., 588 F.3d 623, 631 (9th Cir. 2009).

Weighing all the facts and circumstances, we conclude that the district court correctly found that Sun Life abused its discretion in denying Evans's long-term disability benefits application. The record, including the police officer's application for a 72-hour detention of Evans and Evans's medical records, shows that Evans became disabled before his employment was terminated, and that his

psychiatric symptoms improved but not enough to return to work as a trial lawyer during the 180-day elimination period. Sun Life exhibited bias against Evans, including its failure to remedy the error caused by another patient's record mixed with Evans's by having another physician review the corrected record despite its acknowledgment that Evans was entitled to such review, its decision to conduct a pure paper review, its failure to grapple with treating physicians' and its own psychiatrist's earlier contrary determinations, and its purported reliance on objective evidence when none could be adduced for the particular condition. See Salomaa v. Honda Long Term Disability Plan, 642 F.3d 666, 678 (9th Cir. 2011); Montour, 588 F.3d at 634, 635.

Sun Life's argument that the case should be remanded for determinations on the amount of past due benefits is unsupported. See Grosz-Salomon v. Paul Revere Life Ins. Co., 237 F.3d 1154, 1163 (9th Cir. 2001).

**AFFIRMED.**